UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of the Arbitration Between:<br><br>PT SUMOHADIWIDJOJO,<br><br>  Applicant<br>  (Respondent below)<br><br>and<br><br>BSB RESIDUAL ASSETS TRUST,<br>BSB TRUST COMPANY, LTD., Trustee,<br><br>  Respondent<br>  (Claimant below).<br><br>and<br><br>CITIZENS BANK, Trustee. | CIVIL ACTION NO. 04 12646 NG<br><br>APPLICATION TO CONFIRM AND ENFORCE FOREIGN ARBITRAL AWARD PURSUANT TO 9 U.S.C. § 201, *et seq.*<br><br>RECEIPT # _____<br>AMOUNT $ 150.00<br>SUMMONS ISSUED _____<br>LOCAL RULE 4.1 ✓<br>WAIVER FORM ✓<br>MCF ISSUED _____<br>BY DPTY. CLK. M.P.<br>DATE 12/17/2004<br><br>MAGISTRATE JUDGE JGD |

## I. INTRODUCTION

1.  This Application is made by PT Sumohadiwidjojo ("PTSW"), an Indonesian limited liability company, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), as adopted in 9 U.S.C. §§ 201 *et seq.*, Chapter 2 of the Federal Arbitration Act ("FAA"). A true and accurate copy of the Convention, as appearing in the notes to 9 U.S.C. § 201, is attached hereto as Exhibit A.

2.  PTSW seeks to confirm and have entered as a Judgment of this Court, and thereafter to enforce a Final Award of the Singapore International Arbitration Centre ("SIAC"), SIAC Arbitration No. 002 of 2004 (ARB002/04), dated December 15, 2004 ("SIAC Final Award" or "Final Award"), against BSB Residual Assets Trust ("BSBRAT"), a trust organized in the British Virgin Islands, BSB Trust Company, Ltd., Trustee. (BSBRAT and its Trustee are

collectively referred to hereinafter as "the Trust"). A true and accurate copy of the certified SIAC Final Award is attached hereto as Exhibit B. The Final Award provides that the Trust shall pay to PTSW the costs of the SIAC arbitration, including PSTW's legal costs, expenses and disbursements of the arbitration. These costs total at least $388,000.00.

3. In connection with this Application, in order to secure the ability to collect upon the Final Award and resulting Judgment, PTSW has also filed an *Ex Parte* Motion to Attach by Trustee Process, pursuant to the procedures of Mass. R. Civ. P. 4.2 and Mass. Gen L. c. 246, § 1 *et seq.*, as incorporated by Fed. R. Civ. P. 64(a), funds believed to exist in a bank account in the name of BSBRAT and/or its Trustee at Citizens Bank. PTSW seeks such prejudgment relief *ex parte* in light of the ease with which funds could be electronically transferred, dissipated or concealed from the bank account if the Trust receives advance notice of PTSW's motion.

4. The SIAC Tribunal made its Final Award to PTSW based upon its unquestionable authority and discretion to do so under the SIAC Rules, 2nd Edition, Rule 30. The Trust had notice and a full and fair opportunity to be heard. There are no valid grounds under the Convention for not enforcing the SIAC Final Award, and thus this Court should enter and enforce a Judgment on the Final Award as provided in the Convention and the FAA.

## II. JURISDICTION AND VENUE

5. The court has jurisdiction of this matter and venue is proper pursuant to 9 U.S.C. §§ 203 and 207.

6. Section 203 provides that:

An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

7. Section 207 provides, in pertinent part, that:

Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to a court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration.

8. The SIAC Final Award in this matter, as set forth below, falls under the Convention, and the Trust maintains a banking relationship with Citizens Bank in Massachusetts, which account was used, at the Trust's express direction, in connection with the underlying commercial dealings between PTSW and the Trust.

### III. PARTIES

9. PT Sumohadiwidjojo is an Indonesian limited liability company, with a registered office at J.1 Jenderal Sudirman 71, Jakarta, 12190, Indonesia. PTSW is a property development company, managing its own property and other developments.

10. BSB Residual Assets Trust is a trust organized under declaration of trust dated July 26, 1993, under the laws of the British Virgin Islands ("BVI"), with a registered office at Trident Chambers, Wickhams Cay, P.O. Box 146, Road Town, Tortola, British Virgin Islands. BSB Trust Company, Ltd., also a BVI entity, is the Trustee.

### IV. FACTS

11. On December 15, 2004, the Singapore International Arbitration Center ("SIAC"), SIAC Arbitration No. 002 of 2004 (ARB002/04), made its Final Award against the Trust in PTSW's favor. A duly certified copy of the SIAC Final Award has been forwarded by courier from Singapore to be filed immediately upon receipt.

12. The Final Award provides that the Trust shall pay to PTSW the costs of the SIAC arbitration, including PSTW's legal costs, expenses and disbursements of the arbitration. These

costs are comprised of: (1) $40,014.18 Singapore dollars, equaling $24,348.41 US dollars at the midrange of current conversion rates (see www.xe.com), of the SIAC Arbitrators; and (2) at least $360,000.00 in legal costs, expenses and disbursements incurred by PTSW.

13.  A duly certified copy of an agreement between PTSW and the Trust dated February 17, 1998, known as the Transfer Agreement, is attached hereto as Exhibit C. This Agreement, at Article 7, contains the arbitration provision invoked by the Trust, leading to the proceedings which resulted in the SIAC Final Award.

## V. LAW

14.  Section 2 of the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.*, provides for the recognition and enforcement of foreign commercial arbitral awards, in accordance with the Convention, made by a competent arbitration body in another Contracting foreign state to the Convention. Singapore is a Contracting state to the Convention.

15.  Article V of the Convention provides as follows:

> Recognition and enforcement of [a duly certified foreign arbitral] award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof [of five enumerated defenses].

16.  Article VI of the Convention further provides that the Court may refuse to recognize and enforce a foreign arbitral award where "[t]he subject matter of the difference is not capable of settlement by arbitration under the law of that country," or "[t]he recognition or enforcement of the award would be contrary to the public policy of that country."

17.  The Trust cannot establish any valid defense under Article V of the Convention, that is: (a) the parties to the Transfer Agreement were not under any incapacity and PTSW is not aware of any matter which would make the agreement to arbitrate legally invalid under the law; (b) the Trust, having commenced the SIAC arbitration, had full notice and a full and fair

opportunity to appear and be heard, and did so; (c) the SIAC Final Award falls within the terms of the submission to the SIAC, since it was made according to the SIAC Rules applicable to the arbitration under the Transfer Agreement; (d) the composition of the three-member SIAC tribunal that rendered the Final Award was in accordance with the Transfer Agreement; (e) the Transfer Agreement provides that the Final Award is final and binding and nonappealable, and it has not been set aside or suspended; (f) the Final Award deals with a matter that would be arbitrable under United States law; and (g) recognition of the SIAC Final Award would not be against public policy of the United States.

## VI. PRAYER FOR RELIEF

WHEREFORE, PT Sumohadiwidjojo respectfully prays that the Court:

A.  Recognize and enforce, and enter as a Judgment of this Court against BSBRAT and its Trustee, in accordance with 9 U.S.C. §201 *et seq.* and the applicable provisions of 9 U.S.C. § 101 *et seq.*, the SIAC Final Award dated December 15, 2004.

B.  Approve an attachment by trustee process in the amount of $384,000.00 of the goods, effects and credits of BSBRAT and its Trustee in the possession of Citizens Bank.

C.  Grant such other and further relief to PTSW as the Court deems just and proper.

Respectfully submitted,

**PT SUMOHADIWIDJOJO, Applicant**

By its Attorneys,

Marjorie Sommer Cooke (BBO # 097800)
Richard S. Nicholson (BBO # 542182)
COOKE, CLANCY & GRUENTHAL, LLP
150 Federal Street
Boston, MA 02110
(617) 428-6800

Dated: December 16, 2004