UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of an Arbitration Between:<br><br>PT SUMOHADIWIDJOJO,<br><br>　　　　Applicant<br>　　　　(Respondent below)<br><br>and<br><br>BSB RESIDUAL ASSETS TRUST,<br>BSB TRUST COMPANY, LTD., Trustee,<br><br>　　　　Respondent<br>　　　　(Claimant below).<br><br>CITIZENS BANK<br><br>　　　　Trustee | CIVIL ACTION NO. 04 12646 NG<br><br>AFFIDAVIT OF MICHAEL IRWIN IN SUPPORT OF RESPONDENTS' MOTION TO VACATE OR REDUCE <u>EX PARTE</u> ATTACHMENT |

**AFFIDAVIT OF MICHAEL IRWIN IN SUPPORT OF RESPONDENTS' MOTION TO VACATE OR REDUCE EX PARTE ATTACHMENT**

Michael Irwin hereby states as follows:

1. I reside at 806A Burne Avenue, Kelowna, British Columbia, Canada.

2. I am a Director and the President of BSB Trust Company, Ltd., an international business company organized and existing under the laws of the British Virgin Islands and the holder of Restricted Trust License No. RTL07794/04.

3. BSB Residual Assets Trust was established pursuant to a Declaration of Trust dated July 26, 1993 (BSB Trust Company, Ltd. and BSB Residual Assets Trust are referred to herein collectively as "BSB"). BSB was created primarily for the purposes of acquiring, holding and liquidating certain rights and interests ("Right and Interest") in the Mezzanine Floor of the S. Widjojo Centre in Jakarta, Indonesia on behalf of its beneficiaries.

4. Also on July 26, 1993, BSB acquired certain assets pursuant to a Deed of Transfer. The principal asset conveyed to BSB was the Right and Interest in the Mezzanine Floor in S. Widjojo Centre, Jakarta, Indonesia.

1

5. On August 11, 1997, BSB agreed to sell its Right and Interest to PTSW. For several years after BSB acquired the Right and Interest, PTSW negotiated with BSB to acquire the Right and Interest.

6. After signing the Purchase Agreement on August 11, 1997, BSB and PTSW entered into an integrated series of agreements in February 1998 for implementing the Purchase and Sale Agreement, including the Loan Agreement, Transfer Agreement, and a Deed of Security Rights over Land, the equivalent of a mortgage ("Mortgage").

7. Upon closing of the 1998 agreements, BSB transferred the Right and Interest to PTSW.

8. After BSB transferred the Right and Interest to PTSW, BSB's principal assets were the right to payments from PTSW under the Loan Agreement and the Mortgage.

9. PTSW made approximately $250,000 in interest payments to BSB over the course of several years.

10. PTSW failed to pay the principal amount due under the Loan Agreement of US $3,060,000 when required on December 15, 2002.

11. On September 30, 2003, PTSW sent a letter to BSB purporting to repudiate the Loan Agreement. PTSW paid BSB $168,809.42 with its letter of September 30, 2003 in an attempt to extinguish its obligations under the Loan Agreement that it had obtained.

12. On or about December 10, 2003, PTSW informed BSB of an *ex parte* order from the District Court of South Jakarta in October 2003 concluding that PTSW had fully repaid its debts under the Loan Agreement and ruled that PTSW's Mortgage should be released.

13. On January 15, 2004, being uncertain of its ability to obtain justice in Indonesia, BSB filed for arbitration in Singapore (the "Arbitration") as a defensive attempt to regain its principal source of income, payments from PTSW for the sale of BSB's Right and Interest.

14. PTSW raised numerous procedural objections in the Arbitration, including that the Tribunal lacked jurisdiction over the dispute, that the dispute should be litigated in Indonesia pursuant to a dispute resolution provision in the Loan Agreement, that BSB had commenced the Arbitration in the wrong corporate form and that BSB should be required to post security for costs. Most of the filings and costs in the Arbitration proceedings related to PTSW's procedural objections and significantly reduced the intended cost efficiency of arbitration.

15. During the pendency of the Arbitration, BSB was able to obtain a favorable ruling from the High Court of Jakarta that overturned the earlier ruling of the District

Court. In response to the High Court ruling, the South Jakarta land office reinstated the Mortgage on or about September 10, 2004. At that point, BSB no longer needed the Arbitration Tribunal to vindicate its rights and BSB sought to withdraw from the Arbitration. The Arbitration Tribunal had not yet considered the merits of the dispute.

16. PTSW owes BSB more than US $4,000,000 consisting of the US $3,060,000 principal amount, more than US $1,000,000 of default interest accrued since its 2002 default, plus other costs.

17. BSB has no source of income other than the amounts due from PTSW and small amounts of interest earned on its liquid funds.

18. PTSW's failure to pay its obligations to BSB has caused financial hardship. First, BSB has transferred its principal asset to PTSW but has not received payment in return. Second, by seeking and obtaining the ex parte trustee process attachment of BSB's bank account, PTSW has made it financially more difficult for BSB to pursue legal recourse against PTSW.

19. If the attachment is not lifted or substantially reduced, BSB will be severely prejudiced in its ability to pursue its claims against PTSW for default under the Loan Agreement because BSB will have no funds to pay counsel.

20. Such a result appears particularly unjust, inasmuch as PTSW's default and renunciation of its obligations to BSB has resulted in the need for BSB to pursue legal remedies.

21. At the time of the attachment, BSB had unencumbered cash on deposit in accounts at Citizens Bank in the amount of approximately US $ 369,717. BSB has no other liquid funds.

SUBSCRIBED AND SWORN TO under the pains and penalties of perjury this 12th day of January 2005.

Sworn & Declared before me at the City of Kelowna in the Province of British Columbia, this 12 day of January 2005

NOTARY PUBLIC IN AND FOR THE PROVINCE OF BRITISH COLUMBIA
A COMMISSIONER FOR TAKING AFFIDAVITS FOR BRITISH COLUMBIA

as to one signature.

TARJA K. MCLEAN
Notary Public
423 Cedar Avenue
Kelowna, BC V1Y 4X2
Permanent commission

_____
Michael Irwin
Director and President, BSB Trust Company, Ltd.


_____
Notary Public

3