# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of the Arbitration Between: ) | |
| ) | |
| **PT SUMOHADIWIDJOJO**, ) | |
| ) | C.A. NO. 0412646 NG |
| Applicant ) | |
| (Respondent below) ) | |
| ) | |
| and ) | |
| ) | **MOTION FOR LEAVE TO** |
| **BSB RESIDUAL ASSETS TRUST**, ) | **SUBMIT AUTHORITY REGARDING** |
| **BSB TRUST COMPANY, LTD.**, Trustee, ) | **INTEREST ON SIAC FINAL AWARD** |
| ) | |
| Respondent ) | |
| (Claimant below). ) | |

PT Sumohadiwidjojo ("PTSW"), by its undersigned counsel, pursuant to LR 7.1(B)(3), and without objection of the Respondent, respectfully requests leave to submit the attached authority regarding interest on Singapore arbitration awards. As grounds, PTSW states:

1. At the hearing of this date on the Respondent's Motion to Vacate or Reduce the attachment obtained by PTSW in this matter, the undersigned counsel for PTSW represented that he had relied upon the advice of PTSW's foreign counsel in making the assertion that interest on the $287,000 SIAC Final Award that PTSW seeks to enforce in this matter bears interest at the rate of 6% per annum.

2. Counsel for the Respondent suggested that the absence of an award of interest by the SIAC meant that there was no interest. That appears to be incorrect, and to the contrary, just the opposite is true.

3. A review of the undersigned's files indicates that PTSW's Singapore Counsel, Baker & McKenzie, Wong & Leow, had previously provided the undersigned with the attached

statutes and rules of the Republic of Singapore, indicating that: (a) arbitration awards, "<u>unless the award otherwise directs, carry interest as from the date of the award and at the same rate as a judgment debt</u>" (Singapore International Arbitration Act, Ch. 143A, Sec. 20)(attached); and (b) that Singapore judgment debts carry interest "at the rate of <u>6% per annum</u> . . . from the date of the judgment until the judgment is satisfied" (Singapore Supreme Court Rule O.42, r.12)(attached).

4.      The SIAC Rules (previously submitted to the Court) provide that "[i]f the place of the arbitration is Singapore, the parties agree that the International Arbitration Act (Cap 143A) as amended from time to time is applicable." Rule 32. The SIAC's failure to award interest on its Final Award, therefore, meant that statutory interest of 6% applies to the Award, as PTSW has represented to the Court.

5.      Accordingly, for the sake of providing accurate information to the Court, and in order that PTSW has the full rights to which it is entitled under the law, PTSW respectfully requests that the Court accept and consider the attached materials.

6.      The undersigned has consulted with counsel for the Respondent who states that the Respondent does not object to the submission of the attached materials, provided that PTSW would not object if Respondent seeks further to address the issue of interest (PTSW would not object).

                                     Respectfully Submitted,

                                     /s/ Richard S. Nicholson
                                   Marjorie S. Cooke (BBO #097800)
                                   Richard S. Nicholson (BBO #542182)
                                   COOKE, CLANCY & GRUENTHAL, LLP
                                   150 Federal Street
                                   Boston, MA  02110
Dated: March 30, 2005             Tel: (617) 428-6800

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2005, I filed the within motion with the Court's CM/ECF system for service in accordance with the Court's Electronic Filing Rules.

/s/ Richard S. Nicholson
Richard S. Nicholson



# THE STATUTES OF THE REPUBLIC OF SINGAPORE

# INTERNATIONAL ARBITRATION ACT

# (CHAPTER 143A)

LIBRARY
2 4 JAN 2003

Act
23 of 1994

1995 Ed. Cap. 143A

Amended by
38 of 2001
28 of 2002

**REVISED EDITION 2002**

(31st December 2002)

*Prepared and Published by*

THE LAW REVISION COMMISSION
UNDER THE AUTHORITY OF
THE REVISED EDITION OF THE LAWS ACT (CHAPTER 275)

PRINTED BY THE GOVERNMENT PRINTER, SINGAPORE
2002

**Awards made on different issues**

**19A.**—(1) Unless otherwise agreed by the parties, the arbitral tribunal may make more than one award at different points in time during the arbitration proceedings on different aspects of the matters to be determined.

*[38/2001]*

(2) The arbitral tribunal may, in particular, make an award relating to —

    (*a*) an issue affecting the whole claim; or

    (*b*) a part only of the claim, counter-claim or cross-claim, which is submitted to it for decision.

*[38/2001]*

(3) If the arbitral tribunal makes an award under this section, it shall specify in its award, the issue, or claim or part of a claim, which is the subject-matter of the award.

*[38/2001]*

**Effect of award**

**19B.**—(1) An award made by the arbitral tribunal pursuant to an arbitration agreement is final and binding on the parties and on any persons claiming through or under them and may be relied upon by any of the parties by way of defence, set-off or otherwise in any proceedings in any court of competent jurisdiction.

*[38/2001]*

(2) Except as provided in Articles 33 and 34 (4) of the Model Law, upon an award being made, including an award made in accordance with section 19A, the arbitral tribunal shall not vary, amend, correct, review, add to or revoke the award.

*[38/2001]*

(3) For the purposes of subsection (2), an award is made when it has been signed and delivered in accordance with Article 31 of the Model Law.

*[38/2001]*

(4) This section shall not affect the right of a person to challenge the award by any available arbitral process of appeal or review or in accordance with the provisions of this Act and the Model Law.

*[38/2001]*

**Interest on awards**



**20.** Where an award directs a sum to be paid, that sum shall, unless the award otherwise directs, carry interest as from the date of the award and at the same rate as a judgment debt.

# SUPREME COURT OF JUDICATURE ACT
## (CHAPTER 322)



# RULES OF COURT

**R 5**

**1997 Ed.**

G.N. No.
S 71/96

Amended by

| | |
|---|---|
| S 143/96 | S 612/2001 |
| S 86/97 | S 142/2002 |
| S 283/97 | S 150/2002 |
| S 483/97 | S 229/2002 |
| S 425/98 | S 565/2002 |
| S 612/98 | S 615/2002 |
| S 186/99 | S 113/2003 |
| S 346/99 | S 258/2003 |
| S 551/99 | S 364/2003 |
| S 613/2000 | S 470/2003 |
| S 306/2001 | S 561/2003 |

S122/04   1.4.04
S671/04   1.12.04 and 8.12.04

**REVISED EDITION 2004**
(29.2.2004)

Supreme Court or the Subordinate Courts, as the case may be, shall be returned to the party producing it and the copy shall be lodged in the Registry.

### Duplicates of judgments and orders (O. 42, r. 11)

**11.**—(1) Not less than one clear day after a judgment or order has been filed a duplicate thereof shall be supplied on payment of the prescribed fee out of the Registry to any party in the proceedings.

(2) The duplicate of a judgment or order may be a carbon copy of the original except that, if the Registrar so directs, the duplicate of every judgment or order of such class as he directs, shall be a photographic copy or a copy produced by type lithography or other similar process.

(3) Before a duplicate of a judgment or order is issued, it must be sealed and there must be noted thereon the number of the judgment, the date of entry and the amount of any stamp on the original.

(4) Where by any of these Rules or any order of the Court the original judgment or order is required to be produced or served, it shall be sufficient to produce or serve the duplicate.

(5) A further duplicate of a judgment or order may, on payment of the prescribed fee, be issued if the Registrar is satisfied that the duplicate has been lost and that the applicant for a further duplicate is entitled to it.

(6) A judgment or order shall not be amended except on production of the duplicate thereof last issued, and the amendment sealed, under the direction of the Registrar.

### Interest on judgment debts (O. 42, r. 12)

**12.** Except when it has been otherwise agreed between the parties, every judgment debt shall carry interest at the rate of 6% per annum or at such other rate as the Chief Justice may from time to time direct or at such other rate not exceeding the rate aforesaid as the Court directs, such interest to be calculated from the date of judgment until the judgment is satisfied:

Provided that this rule shall not apply when an order has been made under section 43 (1) or (2) of the Subordinate Courts Act (Chapter 321).