UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of an Arbitration Between:<br><br>PT SUMOHADIWIDJOJO,<br><br>        Applicant<br>        (Respondent below)<br><br>and<br><br>BSB RESIDUAL ASSETS TRUST,<br>BSB TRUST COMPANY, LTD., Trustee,<br><br>        Respondent<br>        (Claimant below). | CIVIL ACTION NO. 04 12646 NG<br><br>RESPONDENTS' RESPONSE TO MOTION FOR LEAVE TO SUBMIT AUTHORITY REGARDING INTEREST ON SIAC AWARD |
| CITIZENS BANK<br><br>        Trustee | |

Respondents BSB Residual Assets Trust and BSB Trust Company, Ltd., Trustee, (together "BSB") submit the following response to the Motion for Leave to Submit Authority Regarding Interest on SIAC Final Award ("Motion"), filed on March 30, 2005, by Applicant PT Sumohadiwidjojo ("PTSW").

      1.      BSB has moved to vacate or reduce the *ex parte* attachment obtained by PTSW in connection with its application to enforce an arbitration award issued by the Singapore International Arbitration Centre (SIAC). In its opposition to BSB's motion to vacate the attachment, PTSW argued, without citing authority, that interest accumulated on the SIAC arbitration award at the rate of 6%. *See* Applicant PTSW's Opposition to Respondents' Motion to Vacate or Reduce *Ex Parte* Attachment ("Opposition") at 2 n.3.

1

2.	BSB pointed out, in both its reply brief and at oral argument on the motion to vacate the attachment, that PTSW had failed to show any basis for its claim of interest.

3.	Following argument on BSB's motion to vacate or reduce the attachment, counsel for PTSW submitted the instant Motion and various provisions of the law of Singapore. Although the Singapore documents were apparently in the files of PTSW's counsel, *see* Motion at ¶ 3, PTSW did not put them before the Court or give them to BSB during the briefing of the motion to vacate the attachment. PTSW's delay in setting forth the basis for its position regarding interest is unjustified.

4.	There is no question that the SIAC arbitral tribunal and the SIAC Registrar did not award any interest. PTSW nonetheless contends that a different result follows through application of Singapore law, which PTSW argues automatically imposes interest at the rate of 6% per annum.

5.	It bears noting that PTSW's invitation to this Court to apply provisions of Singapore law is at odds with its argument that this Court should simply enforce the SIAC award as written without considering collateral questions of fact or law. PTSW's view that this Court should not involve itself in "the diverse laws and regulations of [foreign] nations," Opposition at 11, apparently does not apply to foreign laws that PTSW believes assist its cause.

6.	Even assuming *arguendo* that PTSW's interpretation of Singapore law is correct, its claim of 6% interest on $287,000 will be exceeded many times over by the default interest due to BSB under the Loan Agreement, which accrues on PTSW's entire debt of over $4,000,000 at a rate higher than 6%. *See* Affidavit of Alison Aubry, Ex. 3, art. 14. PTSW's submission thus does not change the facts relevant to the motion to vacate the attachment currently before this Court.

                    BSB RESIDUAL ASSETS TRUST
                    AND BSB TRUST COMPANY, LTD.,
                    TRUSTEE, Respondent

                    By its attorney,


                    /s/ Richard A. Johnston _____

                    Richard A. Johnston (BBO # 253420)
                    WILMER CUTLER PICKERING
                    HALE AND DORR LLP
                    60 State Street
                    Boston, MA  02109
                    (617) 526-6000
                    richard.johnston@wilmerhale.com

Dated: April 1, 2005