# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In the Matter of the Arbitration Between:<br><br>**PT SUMOHADIWIDJOJO,**<br><br>    Applicant<br>    (Respondent below)<br><br>and<br><br>**BSB RESIDUAL ASSETS TRUST,**<br>**BSB TRUST COMPANY, LTD.**, Trustee,<br><br>    Respondent<br>    (Claimant below).<br><br>and<br><br>**CITIZENS BANK**, Trustee. | **CIVIL ACTION NO. 04 12646 NG** |

## APPLICANT'S MOTION TO STRIKE OR DISMISS, OR TO STAY, RESPONDENTS' PURPORTED "COUNTERCLAIM"

Applicant, PT Sumohadiwidjojo ("PTSW"), by its undersigned counsel, hereby respectfully moves to strike or dismiss,[1] or to stay, the "counterclaim" purportedly brought by Respondent, BSB Residual Assets Trust ("BSBRAT"), BSB Trust Company, Ltd., Trustee (BSBRAT and its Trustee are collectively referred to hereinafter as "the Trust").

In support, as more fully set forth in the accompanying memorandum, PTSW states as follows:

---

[1] PTSW moves to strike because no "counterclaim" is permitted in this action to enforce a foreign arbitral award. However, if the Court determines that a "counterclaim" can properly be asserted, PTSW's Motion should be considered as if it was made under Fed.R.Civ.P. 12(b).

1. PTSW is an Indonesian limited liability company, while the Trust purports to be organized in the British Virgin Islands. PTSW commenced this proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention" or "Convention"), as implemented in the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq*. PTSW seeks to confirm and enforce a Final Award of the Singapore International Arbitration Centre ("SIAC") made against the Trust. The amount of the SIAC Final Award (exclusive of interest) is approximately $287,000.00.

2. The Trust has responded to PTSW's Application, not by asserting any available defenses to the enforcement of the SIAC Final Award, but instead, by purporting to assert a "counterclaim" against PTSW in the alleged amount of $3,060,000.

3. The Trust's purported "counterclaim" should be stricken, because it is an impermissible response to an application under the New York Convention and the FAA to confirm and enforce a foreign arbitral award. Under the FAA, an application to confirm and enforce a foreign arbitral award must be heard pursuant to motion practice procedure, and there is no such thing as a "counterclaim" to a motion. Moreover, "counterclaims" are inconsistent with the purpose of enforcement actions under the Convention and the FAA, to wit, expeditious recognition of awards with a minimum of judicial interference.

4. The Court has no personal jurisdiction over PTSW because PTSW has insufficient minimum contacts with Massachusetts to support the constitutional exercise of personal jurisdiction; PTSW's resort to this court was not "purposeful" in the constitutional sense, and was due to the Trust's unilateral activity in locating its sole "liquid" assets in Massachusetts; and requiring PTSW to defend against the Trust's purported "counterclaims" in Massachusetts, 10,000 miles from home, would violate fundamental principles of fairness.

3

5. The Court has no original subject matter jurisdiction over the Trust's purported "counterclaim" against PTSW because the Court has no independent basis for subject matter jurisdiction over a dispute between two foreign firms arising under foreign laws.

6. The court has no "supplemental jurisdiction" under 28 U.S.C. § 1367(a) over the Trust's purported "counterclaim" because the claim is not a part of the same case or controversy as PTSW's Application, and it would not be deemed compulsory under Fed.R.Civ.P. 13.

7. The Court, even if it had jurisdiction over the Trust's purported "counterclaim," should decline to exercise jurisdiction under 28 U.S.C. § 1367(c), because the claim raises complex issue of Indonesian law and substantially predominates over PTSW's Application to confirm and enforce the SIAC Final Award, and there are other exceptional circumstances and compelling reasons for declining jurisdiction.

8. The Court, even if it had jurisdiction over the Trust's purported "counterclaim," should decline to exercise jurisdiction as a matter of international comity, in light of PTSW's concurrent lawsuit in the South Jakarta District Court, which is the appropriate forum for resolution of the dispute between the Trust and PTSW.

9. The Court, even if it had jurisdiction over the Trust's purported "counterclaim," should stay proceedings thereunder in deference to the adjudication of the dispute between the Trust and PTSW by the Indonesian courts and agencies, as the result of PTSW's lawsuit filed in Indonesia.

WHEREFORE, PTSW respectfully requests that its Motion to Strike or Dismiss, or to Stay, Respondents' Purported "Counterclaims" be allowed, and that the Court grant such other and further relief as it deems just and proper.

>Respectfully submitted,
>
>**PT SUMOHADIWIDJOJO**, Applicant
>
>By its Attorneys,
>
>/s/ Richard S. Nicholson
>Marjorie Sommer Cooke (BBO # 097800)
>Richard S. Nicholson (BBO # 542182)
>COOKE CLANCY & GRUENTHAL LLP
>265 Franklin Street
>Boston, MA 02110
>(617) 428-6800

Dated: May 19, 2005

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2005, I filed the within motion with the Court's CM/ECF system for service in accordance with the Court's Electronic Filing Rules.

>/s/ Richard S. Nicholson
>Richard S. Nicholson